UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BRANDON BAHAM                                          CIVIL ACTION

VERSUS                                                 NO: 10-313

MICHAEL ASTRUE, COMMISSIONER                           SECTION: R(2)
OF SOCIAL SECURITY

## ORDER

The Court, having reviewed *de novo* the complaint,[1] the motion for summary judgment,[2] the record,[3] the applicable law, the Magistrate Judge's Report and Recommendation,[4] and Brandon Baham's objections thereto,[5] hereby approves the Magistrate Judge's Report as modified herein.

In his objections to the Magistrate Judge's Report, Baham argues that the ALJ erred because she did not expressly consider

---

[1]    (R. Doc. 1.)

[2]    (R. Doc. 16.)

[3]    (R. Doc. 13.)

[4]    (R. Doc. 22.)

[5]    (R. Doc. 23.)

all six factors listed in 20 C.F.R. § 404.1527(d)(2)-(6)[6] in declining to give controlling weight to the opinion of his treating physician, Dr. Charles Genovese.[7] In support of his argument, Baham relies heavily on *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000). *Newton*, however, held that the ALJ must expressly consider the § 404.1527(d) factors only when she declines to give "any weight" to the opinions of the claimant's treating specialist. *Id.* at 456 ("This court now similarly holds that an ALJ is required to consider each of the § 404.1527(d) factors before declining to give any weight to the opinions of the claimant's treating specialist."). In this case, the ALJ did not completely reject Dr. Genovese's opinions. Instead, as detailed in the Report, the ALJ found that Baham's diabetes mellitus, diabetic neuropathy, and lumbar radiculopathy are severe impairments[8] and that Baham is unable to climb ropes,

---

    [6] The six factors are (1) the physician's length of treatment of the claimant, (2) the physician's frequency of examination, (3) the nature and extent of the treatment relationship, (4) the support of the physician's opinion afforded by medical evidence of record, (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. *See* 20 C.F.R. § 404.1527(d)(2)-(6); *see also Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000).

    [7] (R. Doc. 23 at 1-5.)

    [8] (R. Doc. 13 at 18.)

ladders, or scaffolds, or walk on uneven surfaces.[9] These findings are consistent with Dr. Genovese's diagnoses.[10] Moreover, through her detailed description of Baham's medical records, the ALJ implicitly considered all of the factors listed in section 404.1527(d), ultimately concluding that Dr. Genovese's opinion was not entitled to controlling weight because it was inconsistent with the other substantial evidence in the case record. *See* Social Security Ruling 96-2p (1996) ("Even if a treating source's medical opinion is well-supported, controlling weight may not be given to the opinion unless it is 'not inconsistent' with the other substantial evidence in the case record."). It is inconsequential that the ALJ did not expressly list the six factors in the portion of her findings where she partially rejected Dr. Genovese's opinion.

Baham also faults the Report for noting that Dr. Genovese's opinion was in the form of a checklist and that appellate courts have often held that such opinions are "unworthy of credence when they are not adequately supported by or are inconsistent with the medical records."[11] Baham argues that the Magistrate Judge's

---

[9]   (*Id.* at 19.).

[10]  (R. Doc. 13 at 187-89.)

[11]  (R. Doc. 23 at 5-6.)

consideration of the form of Dr. Genovese's opinion was improper, because the ALJ did not rely on the opinion's form in declining to give it controlling weight, and because the opinion of the State agency consultant, which the ALJ gave "great weight," was also in the form of a checklist.  The Court acknowledges that the "ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision."  *Newton*, 209 F.3d at 455.  Yet, as discussed above, the ALJ sufficiently considered the section 404.1527(d) factors in her findings.  Accordingly, the Magistrate Judge's conclusion that the ALJ's decision was reasonable and supported by substantial evidence is correct independent of his discussion of the form of Dr. Genovese's opinion.

Finally, Baham argues that the Report is flawed in that the Magistrate Judge suggested that the ALJ declined to credit Dr. Genovese's opinion because his opinion was based on Baham's self-reported limitations, and because the ALJ did not find Baham credible.[12]  Baham contends that, in doing so, the Report "embraces a conflation of the standard for evaluation of medical opinion evidence and the standard for evaluation of the credibility of a claimant's statements."[13]  This argument also

---

[12]   (*Id.* at 6-7.)

[13]   (*Id.* at 6.)

fails, however, because the ALJ properly considered the section 404.1527(d) factors in giving Dr. Genovese's opinion little weight. That the Magistrate Judge justified the ALJ's conclusion in part by suggesting the ALJ's decision was based on her adverse credibility finding does not alter the validity of the ALJ's decision.

Accordingly,

Baham's motion for summary judgment is DENIED and his petition for review of the final decision of the Commissioner of the Social Security Administration is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 13th day of May, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE